IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : Chapter 11 |
| | : |
| NORTHWESTERN CORPORATION, | : Bankruptcy Case No. 03-12872-JLP |
| | : |
| Debtor. | : |
| ------------------------------ | :-------------------------------- |
| LAZARD FRERES & CO. LLC, | : |
| | : Civil Action No. 05-395-JJF |
| Appellant, | : |
| | : |
| v. | : |
| | : |
| NORTHWESTERN CORPORATION, | : |
| | : |
| Appellee. | : |

Anthony W. Clark, Esquire and Albert T. Powers, III, Esquire of SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, Wilmington, Delaware.
Attorneys for Appellant Lazard Freres & Co. LLC.

Victoria Watson Counihan, Esquire and William E. Chipman, Jr., Esquire of GREENBERG TRAURIG, LLP, Wilmington, Delaware.
<u>Of Counsel:</u> Jesse H. Austin, III, Esquire, Karol K. Denniston, Esquire, and Carloyn Chayavadhanagkur, Esquire of PAUL, HASTINGS, JANOFSKY & WALKER LLP, Atlanta, Georgia.
Attorneys fo Appellee NorthWestern Corporation.

<u>**MEMORANDUM OPINION**</u>

May 22, 2006
Wilmington, Delaware

**Farnan, District Judge.** *Joseph J. Farnan*

Pending before the Court is an appeal by Lazard Freres & Co. LLC ("Lazard") from the May 5, 2005 Order (the "Fee Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). (Bankr. Case No. 03-12872) Lazard was retained as a financial advisor by the Official Committee of Unsecured Creditors of NorthWestern Corporation ("NorthWestern") in connection with NorthWestern's Chapter 11 bankruptcy case. By its appeal, Lazard contends that the Bankruptcy Court erred in <u>sua sponte</u> reducing its Restructuring Fee by 50%. For the reasons set forth below, the Court will reverse the Fee Order of the Bankruptcy Court with regard to the reduction of Lazard's Restructuring Fee.

## BACKGROUND

On September 17, 2003, NorthWestern applied to the Bankruptcy Court for an order authorizing and approving Lazard's financial advisement services in conjunction with a Chapter 11 Bankruptcy petition. An Engagement Letter was submitted with the application outlining the terms of Lazard's compensation, which consisted of $200,000 a month, plus expenses, and a $5.5 million Restructuring Fee.

The Bankruptcy Court initially approved the Engagement Letter terms as reasonable, including the $5.5 million Restructuring Fee, subject to final review under 11 U.S.C. §§ 328

1

and 330. NorthWestern subsequently filed an amended reorganization plan and disclosure statement which the Bankruptcy Court confirmed. Once the conditions contained in the Engagement Letter were fulfilled, Lazard requested final approval of its Restructuring Fee. The court-appointed fee auditor analyzed the fee under §§ 328 and 330 and offered his recommendation that the fee was reasonable. Lazard offered evidence to establish that the fee was well within the fee range for comparable cases and no interested party objected to the final fee application.

On May 5, 2005, the Bankruptcy Court issued the Fee Order and an accompanying Memorandum Opinion (the "Opinion"), In re Northwestern Corp., 324 B.R. 538 (Bankr. D. Del. 2005). The Fee Order reduced Lazard's initial $5.5 million dollar Restructuring Fee by 50%, and awarded a total fee of $5,392,060.00 plus reimubursement for reasonable expenses in the amount of $97,701.62.

## DISCUSSION

I.  **Standard of Review**

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In reviewing an award of fees by the Bankruptcy Court, the Court applies an abuse of discretion standard. Zolfo, Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 257 (3d Cir. 1995). An abuse of discretion can occur "if the judge fails to apply the proper legal standard or

2

to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." <u>In re Cendant Corp. Securities Litigation</u>, 404 F.3d 173, 186 (3d Cir. 2005) (quoting <u>Zolfo</u>, 50 F.3d at 257).

**II. The Parties Contentions**

Lazard contends that the Bankruptcy Court erred in two respects: first, by holding that Lazard's approval request for a Restructuring Fee consistent with the amount provided for in the Engagement Letter with NorthWestern did not satisfy the criteria of 11 U.S.C. § 330(a)(3); and second, by erroneously reducing the Restructuring Fee by half despite receiving no objection to the Fee from any of the interested parties. NorthWestern did not file a response to Lazard's appeal.

**III. Whether The Bankruptcy Court Abused Its Discretion By Reviewing Lazard's Fee Under § 330(a) Of The Bankruptcy Code.**

Section 330(a) of the Bankruptcy Code allows a court to award less than the total amount of compensation requested by a professional for work performed in connection with a bankruptcy proceeding. 11 U.S.C. § 330(a)(2). In determining the appropriate amount of compensation under § 330(a), a court must conduct an analysis based on reasonableness. 11 U.S.C. § 330(a)(3). However, once the Bankruptcy Court has determined that the terms and conditions of a professional's compensation are reasonable, it may thereafter reduce that compensation only

3

if it determines, under § 328(a), that "such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." In re Federal Mogul-Global Inc., 348 F.3d 390, 397 (3d Cir. 2003).

Here, the Bankruptcy Court initially approved the Engagement Letter terms as reasonable, including the $5.5 million Restructuring Fee. Therefore, in reviewing Lazard's final fee application, the Bankruptcy Court was constrained to apply only the legal standard of § 328(a). Under § 328 (a), only "developments not capable of being anticipated at the time of the fixing of [the] terms and conditions" of engagement may render a previously approved term improvident. 11 U.S.C. § 328(a). However, the Bankruptcy Court did not use the improvidence standard for its final fee review. Instead, despite the initial approval, the Bankruptcy Court decided that the evidence Lazard offered to support the reasonableness of its fee did not satisfy the requirements of § 330(a)(3)(E) and reduced Lazard's Restructuring Fee. In its Opinion, the Bankruptcy Court acknowledged that it was required to consider the "customary compensation charged by comparably skilled practitioners." In re Northwestern Corp., 324 B.R. 538, 547 (Bankr. D. Del. 2005). However, the Bankruptcy Court determined that the evidence supplied by Lazard was insufficient under § 330(a)(3)(E) because

4

the cases involved "fees assessed in bankruptcy, not non-bankruptcy cases." <u>Id.</u>  The Court concludes that, to the extent that the Bankruptcy Court based its decision to reduce Lazard's Restructuring Fee on a reasonableness analysis under § 330(a), it applied an improper legal standard and thus, abused its discretion.

## CONCLUSION

Having found that the Bankruptcy Court abused its discretion in reducing Lazard's Restructuring Fee, the Court will reverse the Fee Order of the Bankruptcy Court and approve Lazard's final fee application for a Restructuring Fee totaling $5,500,000.00.

An appropriate Order will be entered.

5